*Ex parte* KIEFFER.

(*Circuit Court, D. Kansas.* November 28, 1889.)

1. CONSTITUTIONAL LAW—INTERSTATE COMMERCE—MEAT INSPECTION.
   Ordinances 619 and 620 of the city of Topeka, in regard to meat inspection, providing that the animal must be inspected before slaughtering, and must be slaughtered within one mile of the city limits, the effect of which is to exclude dressed meat brought from a distance, are unconstitutional, as interfering with free commerce between the states.[1]

2. HABEAS CORPUS—ISSUANCE—DISCRETION OF COURT.
   The right of appeal being an inadequate protection, by reason of its delay, to the person convicted and sentenced to imprisonment for the violation of such ordinances,

[1]For discussions as to the constitutionality of the Minnesota meat inspection law, see Swift v. Sutphin, 39 Fed. Rep. 630; In re Barber, Id. 641.

and as their enforcement would stop the traffic in dressed meat with citizens of other states, the federal court, in the exercise of its discretion, may properly hold that such person has a right to a *habeas corpus* in order to a speedy determination of the constitutionality of such ordinances.

Petition for Writ of *Habeas Corpus.*
*Geo. W. McCrary* and *Herald & Pierce,* for petitioner.
*Hazen & Isenhart,* for the City of Topeka.

BREWER, J. In the case *Ex parte Kieffer,* the facts are these: The petitioner was prosecuted in the police court of this city for violating the meat inspection ordinances. He was found guilty, and sentenced. He sues out this writ of *habeas corpus,* claiming that these ordinances are in conflict with the constitution of the United States, and therefore his imprisonment illegal.

At the outset we are met by this question: Is this a case in which the writ of *habeas corpus* should be allowed, even though these ordinances be deemed invalid? The cases of *Ex parte Royall,* 117 U. S. 241, 6 Sup. Ct. Rep. 734, and *Ex parte Fonda,* 117 U. S. 516, 6 Sup. Ct. Rep. 848, affirm that there is a discretion in the federal courts in the matter of *habeas corpus,* both before and after trial and judgment in the state court; and, in cases in which the act under which the prosecution is had is challenged as in conflict with the federal constitution. The court, in one —perhaps both—of these opinions declares that it is not to be assumed that the state courts will not administer the law correctly, and accord to the party all the rights guarantied to him by the federal constitution. Therefore it is often the proper way to decline to allow the writ, leaving the party to enforce his rights in the state courts. So it is argued that, if it be true that these ordinances are in conflict with the federal constitution, the petitioner has his remedy. He can appeal his case from the police to the district court; from there to the supreme court of the state; and thence to the supreme court of the United States. While that is true, yet he has no adequate relief in that way. He is now under sentence, and he cannot appeal without bond. He will be subjected to trial in the district court, possibly to an inquiry in the supreme court of the state, and finally in the supreme court of the United States. He must bear the expense, and suffer the delay. This is not a case prior to trial and judgment. It is a case after trial and after judgment. He has experimented with the state court, and it has decided against him. While he has, of course, the right of appeal, yet this is a burden, and personally, to him, it is an inadequate protection to say: "You can appeal, and go through that channel to the supreme court of the United States."

But that is not the only consideration. If these ordinances are invalid, they are invalid because of an attempt to interfere with commerce, and prevent the free exchange of commodities between the citizens of another state and those of this city. Few persons can stand the expense of litigation running through that channel to the supreme court. Length of time would pass before the judgment of that court could be obtained. In the mean time, if these ordinances are enforced,—not only against

this petitioner, but against whoever may see fit to engage in this business,—there is an interference with the exchange of commodities between the citizens of other states and those of this city; and the result will be to stop such traffic. Now, when that would be the natural result, when that is declared to be the intended purpose of this legislation, this court may, in the exercise of its discretion, properly hold, after a case has passed to judgment in the state court, that the party has a right to a speedy inquiry and determination in the federal court as to whether such ordinances are in conflict with the constitution of the United States. The public, as well as the individual, are interested in a speedy settlement of this matter.

There are two ordinances, Nos. 619 and 620, by which inspection is provided. That a municipality has power to provide for the inspection of articles of food is not open to question; and, if the sole purpose and object of these ordinances was inspection, there would be no federal question. But the court is not limited to any section, or even to any particular ordinance; for, if there be two ordinances, or two statutes, passed at the same or different times, bearing upon the same subject-matter, they are to be construed as but one act. And the court may even look beyond the letter of the statute, to the purpose which lies behind it,—just as in the ordinances passed in San Francisco, which provided for shaving the heads of all city prisoners. This was apparently a mere ordinance for the health and cleanliness of the prisoners; but the court, looking at it, saw that it was aimed at the Chinese, and intended to humiliate them by shaving off that which to them is sacred, and declared the ordinance void. So in the *Mugler Case*, 8 Sup. Ct. Rep. 273, that went up from this state, where the prohibitory law was sought to be declared unconstitutional, the proposition was submitted to the court in argument, that possibly, under the guise of police regulation, interference might be had with legitimate business, or the exchange of legitimate commodities; and the court said:

"We are not limited to the letter of the statute. We can look beyond that, and see what is the spirit and meaning of the law, and determine whether, under the guise of police regulation, rights guarantied by the federal constitution are infringed."

And so here. When you look at this statute, it is not inspection solely. The animal must be inspected before slaughtering, as well as the meat after slaughtering, and the slaughtering must be within one mile of the city limits. In other words, if that ordinance be in force, no meat can be brought here from a distance. The animal must be brought here to be slaughtered, and must be slaughtered here. This puts an end for this city to what has become a recognized industry in this country,—the shipping of dressed beef; and it is not open to doubt that one of the objects of these ordinances is to protect the local butchering business, and prevent competition from those large establishments in other states,—and thus it is an interference with the free commerce between the states, and of course, in conflict with the commerce clause of the federal constitution. I shall not attempt to enter into a discussion

of that question. It has been before two or three federal courts, and two or three state courts, and the same principle has been enunciated in the supreme court of the United States in several cases; and there is really nothing now to be said. The moment you find any act of the legislature, or any ordinance of a city, which prevents the free exchange of lawful articles of commerce between the states, you find an act or ordinance which contravenes the commerce clause of the United States constitution. It was urged that a part of these ordinances might stand,—that part which simply provided for inspection. Of course, it is true, sometimes, that a part of a statute may be void, and another part valid; but when they are interlocked, so that one depends upon the other, there can be no separation. Both must fall. It may be that in many cases the inspection of food would be desirable, and the food would be refused because it was unwholesome; but it is also clear, under these ordinances, that it cannot be approved, if it was slaughtered more than a mile from this city. It is a matter in which, for this case, at least, the court cannot take the ordinance to pieces, and say there are certain sections which shall stand. The different parts of the ordinance or ordinances are interlocked, and are dependent one upon the other. I have no question but that they are in violation of the rights guarantied by the federal constitution, and especially its commerce clause. The petitioner will be discharged.