NEW JERSEY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS ET AL., RESPONDENTS, v. ANTHONY KNOLL, PROSECUTOR.

Submitted July 2, 1908—Decided November 9, 1908.

Where a fine and costs had been imposed on a conviction under "An act for the prevention of cruelty to animals," approved March 11th, 1880, and the supplements thereto (*Gen. Stat., p.* 32), instituted by the society for the prevention of cruelty to animals and an informer, and had been paid to the justice of the peace before whom such conviction was had—*Held,* upon reversal of such conviction that a writ of restitution would issue against the district society and the informer requiring each to restore a moiety of such fine and to repay the original costs of prosecution collectively.

On application for a writ of restitution.

Before Justices REED, BERGEN and VOORHEES.

For the prosecutor, *Coult, Howell & Smith.*

For the respondents, *Manning & Atkinson.*

The opinion of the court was delivered by

VOORHEES, J.   This is an application for a writ of restitution.   Anthony Knoll, having been convicted before a justice of the peace on a charge of cruelty to animals, was fined $20 and $3.60 costs.   Knoll, the prosecutor, carried the conviction to this court by writ of *certiorari* and there the conviction was reversed, with costs, and the court adjudged that "the prosecutor in *certiorari* be restored to all things that he had lost by reason of the said judgment."

The prosecution was through the New Jersey Society for the Prevention of Cruelty to Animals.   By section 5 of the act of incorporation of that society (*Gen. Stat., p.* 32) it is provided that one-half of the fines and forfeitures collected through the instrumentality of the society, its members or agents, shall accrue to the benefit of the society, and section 11 (*p.* 32) provides that of all fines, * * * collected * * * one-half shall be paid by the justice or by the clerk or other officer of the court receiving the same to the informer, complainant or prosecutor, and the other half to the district society if one is in existence, and, if not, then to the New Jersey society.   Section 15 (*p.* 33) provides for the organization of district societies.   Section 31 (*p.* 37) provides substantially for the distribution of the fines in like manner.

The record in this case before the justice of the peace is entitled, "Adolph E. Roede, Agent for the New Jersey Society, &c., Hudson County District, *v.* Anthony Knoll, Defendant."   The warrant, after reciting that "whereas, Adolph E. Roede, an officer and agent of the New Jersey and Hudson County District Societies, &c., has made complaint," authorizes the apprehension of the defendant, "to answer the New Jersey Society for the Prevention of Cruelty to Animals, Adolph E. Roede, prosecutor."

From this it would appear that there was a district society in the county of Hudson, and that Roede was the prosecutor or informer.   Therefore, this fine having been levied, it was the duty of the magistrate to divide the money between the prosecutor and the district society.   It would seem, therefore,

that in order to issue a writ of restitution both the prosecutor and the district society, which was entitled to the moiety of the fine, should be before the court, and that because the whole of the fine never could legally be collected by or paid to the district society, it should be in no case liable for the whole amount, but only for the half, and the prosecutor for the other half.

The case would be different if the money was all collectible by the society and the society was authorized to distribute a share of it to the informer. The stipulation of facts shows that the entire fine was paid to the justice and by him turned over to the district society. This was contrary to the statute. He ought to have divided it.

The ordinary rule in a case of a writ of restitution is clear. It will go for the whole amount of fine as well as the costs in order that the prosecutor in *certiorari* may be made whole (*Arrowsmith* v. *Van Arsdale,* 1 *Zab.* 471), but it is not clear that it will issue against one of two persons for the whole amount of such fine or penalty, which must by law be distributed by the court as the agency of the law as provided by the above-mentioned statute.

Where the law disposes of the proceeds of the litigation, in definite proportions by the hands of its own officer, the writ should go against those to whom the law gives such proceeds in like proportion.

An order will be made that the writ issue requiring the district society and the informer each to restore a moiety of the fine and requiring them collectively to repay the costs which were paid to the justice of the peace on the original judgment. The writ will also include the costs of this proceeding to be in like manner levied against the society and the informer.