PETER A. HOULEHAN *vs.* INHABITANTS OF KENNEBEC COUNTY.

Kennebec.    Opinion November, 1911.

*Fines.    Payment.    Mistake.    Right to Recover.*

Money paid under mistake of law with full knowledge of the facts, is not recoverable unless the payment was induced by fraud or imposition or undue advantage or duress.

A fine illegally imposed, but voluntarily paid under mistake of law, is not recoverable.

The plaintiff was convicted of offenses and sentences of fines and imprisonment were imposed in two of the cases. Subsequently after final adjournment of the term, and in vacation, and without the knowledge of the county attorney, the Justice of the court "amended the sentences" and in one of the cases imposed a sentence of $1000 fine or thirty days in jail and ordered the other cases to be placed "on file." The plaintiff paid the $1000 to the defendant county. Subsequently the plaintiff brought an action to recover back the $1000.

*Held:* 1. That the whole transaction whereby the Justice undertook to amend the sentences was improper, illegal and in defiance of law. 2. That the plaintiff having voluntarily paid the $1000 pursuant to an unlawful arrangement could not recover the same back.

On report.    Judgment for defendants.

Action of assumpsit for money had and received, brought in the Supreme Judicial Court, Kennebec County.    An agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

*George W. Heselton*, for plaintiff.

*Williamson, Burleigh & McLean*, for defendants.

*Joseph Williamson*, County Attorney, filed a brief for the State.

SITTING : WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

BIRD, J.    This action for money had and received is before us upon report on agreed statement of facts.    From the statement it appears that, at the January Term, 1910, of the Superior Court of Kennebec County, verdicts of guilty were rendered upon sundry indictments against plaintiff and subsequently, at the same term sentence was imposed upon each of the indictments ; that upon two of the indictments the sentences involved a pecuniary fine and imprisonment ; that exceptions were taken in all the cases and bond given for their prosecution ; that on the twenty-seventh day of April, 1910, after the final adjournment of the April Term, 1910, of said court and in vacation, in the presence of plaintiff, his counsel, his bondsmen on exceptions and the clerk of courts and without knowledge of the county attorney, the Justice of said court "amended the said sentences" and in one of the cases imposed a sentence of $1000 fine or 30 days in jail and ordered the entry "Exceptions withdrawn.    On file" to be made in the other cases ; that the "amended sentence" was made on condition that it should be immediately performed, and, in addition that a bond with sureties should be given by plaintiff, then defendant, to violate none of the provisions of the law under which the indictments had been found ; that defendant, now plaintiff, requested a nol pros of all the cases upon the payment of the fine of $1000 and the giving of the bond ; that the Justice of the court refused, stating that if the conditions

of the bond were performed nothing further would be heard from the cases, but that the filing of the other cases after payment of the fine of $1000 would be an additional assurance that the conditions of the bond would not be broken ; that the defendant "thus assured that the cases were disposed of and would never be called up unless he violated his peace bond, and having the alternative to pay or go to jail" on the indictment in which the "amended" fine of $1000 had been imposed, paid the clerk of courts the fine of $1000 and on the same day the clerk of courts paid it to the treasurer of defendant county who made due entry of the amount upon his books as received in payment of the fine ; that on the twenty-seventh day of June, 1910, all the cases were certified to the Law Court and there entered as in order for hearing upon the original exceptions where they are now pending ; that in August, 1910, demand was made on defendant county, through its county commissioners, for the return of the $1000 so paid which the commissioners on the sixteenth day of September, 1910, declined to make. The writ is dated September, 16, 1910.

The payment made by plaintiff was not only not made under mistake of fact but with full knowledge of the facts. And the authorities are abundant that both at law and in equity money paid under mistake of law, with full knowledge of the facts, is not recoverable, unless the payment was induced by the fraud or imposition or the undue advantage of him who received it, or was made under duress. *Norton* v. *Marden*, 15 Maine, 45 ; *Norris* v. *Blethen*, 19 Maine, 348, 351 ; *Parker* v. *Lancaster*, 84 Maine, 512, 517 ; *Marcotte* v. *Allen*, 91 Maine, 74 ; *Coburn* v. *Neal*, 94 Maine, 541 ; *Elston* v. *Chicago*, 40 Ill. 514, 518, 89 Am. Dec. 361, 365.

There is no suggestion even, in the agreed statement, that the payment was induced by fraud, imposition or undue advantage. Nor was there duress. There was no imprisonment or threatened imprisonment. Unquestionably none of the parties present when the sentence was "amended" contemplated anything in execution of the "amended" sentence but payment of the fine. The agreed statement shows that the present plaintiff must have so regarded it when

he requested the Justice to nol pros all the indictments upon the payment of the fine of $1000 and the giving of the bond. We cannot infer force or threat in fact from the facts of the agreed statement; *Trafton* v. *Hill*, 80 Maine, 503, still less that any force or threat induced the payment: *Dunham* v. *Griswold*, 100 N. Y. 224.

It is true that the agreed statement alleges that when the sentence and docket had been "amended" the plaintiff had the alternative to pay the fine of $1000 or go to jail. But, as we have seen, the payment of the fine only was contemplated. No mittimus was issued nor was its issue suggested. The conference was held for the purpose of relieving the plaintiff from imprisonment under the lawful sentences which would be in effect if his exceptions were heard and overruled. The whole transaction was improper, illegal and in defiance of law and in it the plaintiff was a prominent and the most interested actor. He must be left where his illegal act placed him. To hold otherwise would be in violation of every consideration of public policy.

The proposition that a fine illegally imposed but voluntarily paid under mistake of law cannot be recovered back is supported by ample authority. *Harrington* v. *New York*, 81 N. Y. Supp. 667; *Comm.* v. *Gipner*, 118 Pa. St. 379; *Bailey* v. *Paulena*, 69 Iowa, 463; *McKee* v. *Anderson*, Rice S. C. 24; see also *Houtz* v. *Uinta County*, 11 Wyo. 152.

If the plaintiff considers it a case of hardship, in the event that judgment be finally entered for the State upon the indictments, redress cannot be afforded the plaintiff by the judicial courts.

*Judgment for defendants.*