## Eutsler v. Commonwealth.

## Eutsler v. Commonwealth.

## Eutsler v. Commonwealth.

(Decided May 23, 1913.)

### Appeals from Harlan Circuit Court.

1. Appeal—Jurisdiction—Prosecution for Misdemeanors.—Section 347, Criminal Code, fixes the appellate jurisdiction of the Court of Appeals, in penal actions and prosecutions for misdemeanors; and, by its provisions, an appeal by a defendant from a judgment of the circuit court in a penal action or misdemeanor, cannot be entertained by the Court of Appeals, unless the "judgment be for a fine exceeding fifty dollars, or for imprisonment exceeding thirty days."

2. Appeal—Jurisdiction of Court of Appeals in Prosecutions for Misdemeanors—Satisfaction of Judgment.—Where in such case the fine in the circuit court exceeds fifty dollars and the imprisonment is less than thirty days, and the defendant, after superseding the judgment, pays the fine and thereby satisfies the judgment pending the appeal, such satisfaction of the judgment deprives the Court of Appeals of jurisdiction of the appeal and compels its dismissal.

W. F. HALL, F. F. ACREE and ZEB. A. STEWART for appellant.

JAMES GARNETT, Attorney General, O. S. HOGAN, Assistant At-torney General for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Dismissing Appeals.

The appellant, George W. Eutsler, was tried and con-victed in the Harlan Circuit Court under each of three indictments, charging him with the offense of selling spirituous liquors, in territory where local option was in force. In one of the cases the punishment inflicted by the verdict of the jury and judgment of the court was a fine of $100 and ten days imprisonment; in each of the two other cases a fine of $80 and twenty days imprison-ment.

Appellant filed in each case a motion and grounds for a new trial, but, the motions being overruled, he prayed and was granted, in each case, an appeal to this court; following which the several judgments were superseded by the execution on his part of the required appeal bonds. Counsel for the Commonwealth have entered a motion to dismiss each of the appeals on the ground that as the judgments, save $14 of the third one, have been paid by the appellant since the appeals were taken, this court is without jurisdiction to entertain or decide them.

Section 347, Criminal Code, provides:

"The Court of Appeals shall have appellate jurisdic-tion in penal actions and prosecutions for misdemean-ors, in the following cases only, viz.: If the judgment be for a fine exceeding fifty dollars, or for imprisonment ex-ceeding thirty days; or, if the judgment be for the de-fendant, in cases in which a fine exceeding fifty dollars, or confinement exceeding thirty days, might have been inflicted."

We have frequently held in civil actions that a de-fendant against whom a recovery for money is had, does not, by replevying or paying the judgment, waive his right to prosecute an appeal. Keller v. Williams, 10 Bush, 216; N. C. & St. L. Ry. Co. v. Bean, 128 Ky., 758; Pike, Morgan & Co. v. Wathen, 25 R., 1264; Shannon v. Padgett, 24 R., 1281. The reason for so holding is thus well stated in Kellar v. Williams, *supra*:

"While the case was pending no act of the debtor in-cidental to such a proceeding to enable him to prevent

his property from being sold to satisfy what he sold to satisfy what he supposed to be an erroneous judgment can be deemed to be a waiver of his right to an appeal. He might have satisfied the judgment by an actual payment of the money; and if reversed, the creditor by rule could have been required to refund it."

The same conclusion is more elaborately expressed in the opinion in N. C. & St. L. Ry. Co. v. Bean, *supra*, as follows:

"A defendant in a judgment may prosecute an appeal from it, although he may have paid it. The appeal does not affect the judgment until it is reversed. Hence if the appellant was unable to give the supersedeas bond required by the code in order to obtain a stay of the execution pending the appeal, he would be under the necessity of suffering his property to be seized and sold by the sheriff, "with added costs and possible sacrifices. Yet in that event his right of appeal would not be affected, as otherwise the right of appeal would be valuable only to the rich, who could make the supersedeas bond, and to the very poor, who were execution proof. What one may be compelled to do, he may do without compulsion, without impairing his legal rights. So it is held, if he pays off the judgment, he may nevertheless prosecute an appeal from it, and, if it is reversed, may have restitution of what he has paid, with interest."

In neither of these cases was the judgment superseded, hence the act of the defendant in replevying the judgment was not inconsistent with the right to prosecute the appeal. But if he had stayed proceedings on the judgment by the execution of a supersedeas bond, the subsequent voluntary replevying of the judgment, or its payment, by him, would, we apprehend, have constituted a satisfaction thereof and deprived him of the right to further prosecute the appeal; and, if the record had been filed in the appellate court, furnished grounds for the dismissal of the appeal. Am. & Eng. Enc. Law & Practice, 287-279; Trumble v. Jefferson Co., 37 Wash., 604.

If it were necessary to concede that the cases before us should be tested by the rule applying to appeals in civil cases, as appellant upon taking the appeals from the judgments against him, executed in each case a proper bond and thereby superseded each judgment, we must conclude that the payment made by or for him on the judgments appealed from, were intended to and did

satisfy them, except as to the balance of $14, yet due on the third judgment. It is not claimed or pretended by appellant that the payment was made to prevent his property from being levied upon and sold in satisfaction of the judgments, or to prevent his confinement in jail under capiases either in payment of the fines, or to serve out the terms of imprisonment imposed as punishment by the judgments, for, pending the appeals, his property was protected from sale and his person from imprisonment by the supersedeas bonds he had executed.

Aside from these considerations, appellant cannot, in the event of a reversal of the judgments appealed from, recover of the Commonwealth what he has paid on the judgments; nor could he in the event of reversals do so had they not been superseded. The State cannot be sued by one of its citizens without an enabling act from the Legislature. So, it cannot be claimed that the appellant paid the judgments with the expectation that the money would be refunded if the judgments are reversed. By his payment to the clerk of the Harlan Circuit Court of the amount shown by his response to the motion to dismiss the appeals, appellant deprived himself of a hearing on his appeals, as he thereby entirely satisfied two of the judgments appealed from and left unpaid of the third judgment only $14, which reduced it to an amount of which this court has no jurisdiction. In other words, we cannot entertain the appeals, for two of the judgments have been satisfied and appellant's only laibility on the third one is for an amount or fine less than $50; therefore section 347, Criminal Code, deprives us of jurisdiction. The imprisonment imposed by the judgments does not give us jurisdiction, for in each case it is less than the thirty days required by the section of the code, *supra,* to confer such jurisdiction.

If, as intimated in the clerk's certificate filed with appellant's response, the money received by that officer in satisfaction of the judgments was paid by the appellant's wife, it cannot affect the question of jurisdiction. She does not appear in the transaction as a volunteer, and the certificate of the clerk merely says he "is informed" the money was paid by her. Whether such information was given by her, or reached the clerk through rumor is not stated; and as the appellant's response does not disclaim responsibility for the payment or claim that the money was not furnished by him, it is

but fair to presume that it was his money, and, if delivered by the wife, that she was acting for him and at his request. Especially, is such presumption admissible, as it appears he was absent from Harlan county, when the money was paid.

The motion of the Commonwealth is sustained and each of the appeals hereby dismissed.