# STATE v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

May 1, 1914.

Nos. 18,790—(267).

**Shipment of cream — act void.**

Chapter 433, Laws 1913, prohibiting the shipment of cream over any railroad in this state for a greater distance than 65 miles, *held* to apply to all railroad companies doing business in the state, and to shipments arising without and terminating within, as well as to those originating within and terminating without the state, and as such an unreasonable interference with and prohibition of interstate commerce and void.

Defendant was accused in the municipal court of St. Paul of unlawfully shipping one can of cream over its railroad line a distance of more than 65 miles, said shipment not having been made in a refrigerator car effectively iced, and in a sanitary condition, and said cream not having previously undergone an effective process of pasteurization, contrary to the statute. The case was tried before Hanft, J., who denied defendant's motion to quash the complaint, for the reason that chapter 433, Laws 1913, upon which the complaint was based, was unconstitutional and void and not a legitimate exercise of the police power of the state, and defendant's motion for its discharge upon the same grounds, and fined defendant $15. From the judgment entered pursuant to the order of court, defendant appealed. Reversed.

*Briggs, Thygeson & Everall* and *Durment, Moore & Oppenheimer,* for appellant.

*Lyndon A. Smith,* Attorney General, *John C. Nethaway,* Assistant Attorney General, and *Richard D. O'Brien,* County Attorney, for respondent.

[1] Reported in 147 N. W. 109.

Brown, C. J.

Defendant was prosecuted before the municipal court of the city of St. Paul, for a violation of chapter 433, p. 632, Laws 1913, and appealed from a judgment of conviction.

1. The Attorney General makes the preliminary point that the appeal should be dismissed for the reason that defendant, before the appeal was taken, voluntarily paid the fine imposed by the court below, thereby waiving the right of appeal. A majority of the court are of the opinion that the payment of the fine before taking the appeal was not so wholly voluntary that the right of appeal was lost, and that the cause should be disposed of upon the merits. The facts in reference to this feature of the case are as follows: The trial court, after hearing the evidence, adjudged defendant guilty of the charge and imposed a fine of $15. Though the record is not quite clear, it is apparent that defendant requested a stay of proceedings to enable it to perfect an appeal. This the court declined to grant, holding that under the statute creating that court, a stay of proceedings after conviction of a criminal charge is prohibited until the fine imposed has been paid. Defendant thereupon and under protest paid the fine, and thereafter perfected this appeal. We are all agreed that the learned court was in error in applying the provisions of the statute under which the court was organized, namely, section 5, chapter 48, p. 624, Sp. Laws 1887, for that statute, properly construed, applies only to prosecutions for municipal offenses, and not to violations of the state laws. But this is unimportant, since the majority hold that by reason of the refusal of the court to grant the stay of proceedings the payment was not voluntary within the rule holding that such a payment precludes the right of appeal from the judgment so paid. The authorities upon the question will be found collected in 30 Ann. Cas. 300, and 45 Am. St. 272.

2. We come then to the merits of the case. The prosecution was for the violation of chapter 433, supra, by the shipment of a quantity of cream from St. Paul to Austin, a distance greater than 65 miles, and a violation thereof by defendant is not disputed. The whole contention of defendant is that the statute is unconstitutional and void. In this we concur.

The statute enacts as follows:

"Sec. 1.    The shipment of cream for a distance of more than sixty-five (65) miles, over any railroad line in this state, except when such shipment is made in a refrigerator car, which car shall be kept at all times effectively iced and in a thoroughly sanitary condition, unless said cream shall have previously undergone an effective process of pasteurization, is hereby prohibited."

Section 2 provides a penalty for a violation of the act, and also a penalty for the issuance by any person of a false certificate of pasteurization, but there is no provision authorizing the railroad to accept any such certificate as evidence of pasteurization.

We do not consider the various contentions of defendant to the effect that the statute is unconstitutional and void because arbitrary, unreasonable or class legislation, for we are clear that, properly construed, it is an attempted interference by the state with interstate commerce and invalid for that reason.    It is therefore unnecessary to consider the other contentions.

The statute applies, by its express language, to all railroads operated within the state, and prohibits shipments of cream over any of them for a distance greater than 65 miles.    It is not limited to shipments originating and terminating within the state, but to any shipment, wherever it may have originated, which extends into or through the state for the prohibited distance.    It thus prohibits a shipment of cream originating in an adjoining state which extends the prohibited distance in this state.    It also applies to all shipments originating in this state to points in other states where the distance of transportation in this state exceeds 65 miles.    It further applies to all railroads having lines leading from points in this state to Duluth, which extend into and pass through the adjoining state of Wisconsin, thus preventing the shipment of cream to Duluth, if the point of shipment originated 65 miles from the state boundary. The statute will bear no other construction and as so construed is an interference with interstate commerce.    It cannot without violence to its language be construed as applicable only to shipments originating and terminating within this state, though we are not to

be understood as holding that such a limitation would render the act free from constitutional objections.

The purpose of the statute is not clear. Just what public interest was intended to be protected, or what evil rendered, is not apparent. It is clear, however, that it cannot be construed as having any reference to public health, or in the interest of pure food. It takes no account of the condition or quality of the cream, the shipment of which it prohibits, and cream of any kind regardless of its condition as to purity or wholesomeness may be shipped without restriction if the transportation be made in a refrigerator car. A dozen cans of the most wholesome and a dozen cans of the most putrid and unwholesome cream may be transported in the same refrigerator car, and the statute be not violated. So that the feature of public health must be dismissed as having no reference to the foundation of the statute. What other public interest, if any, was intended to be protected, we need not stop to inquire. The statute can be upheld, if at all, only as an exercise of the police power of the state. And though that power in the state is not in all respects subordinate to an exercise of the same power by the Federal government, and the state may, in the exercise thereof, enact such remedial laws as the legislature may deem for the best interests of the public, the state may not by such legislation unnecessarily or unreasonably impair or burden interstate commerce, the right to regulate and control which is reserved to the Federal Congress. 9 Enc. U. S. Supreme Court Reports 490, and authorities cited. Such is the direct and necessary effect of this statute, whatever may have been the purpose of its enactment. Swift v. Sutphin, 39 Fed. 630, 3 L.R.A. 238, 12 Am. St. 730; Minnesota v. Barber, 136 U. S. 313, 10 Sup. Ct. 862, 34 L. ed. 455; Schmidt v. People, 18 Colo. 78, 31 Pac. 498; Brimmer v. Rebman, 138 U. S. 78, 11 Sup. Ct. 213, 34 L. ed. 862; Harvey v. Huffman, 39 Fed. 646; Ex parte Kieffer, (C. C.) 40 Fed. 399; State v. Klein, 126 Ind. 68, 25 N. E. 873; State v. Chicago, St. P. M. & O. Ry. Co. 40 Minn. 267, 41 N. W. 1047. And for the reason stated the statute, having a direct and necessary interference with and prohibition of interstate commerce, must be held invalid. The case is wholly unlike Nelson v. City of Minneapolis, 112 Minn.

16, 127 N. W. 445, 29 L.R.A.(N.S.) 260, for no element of interstate commerce was there involved. Nor does Evans v. Chicago & N. W. Ry. Co. 109 Minn. 64, 122 N. W. 876, 26 L.R.A.(N.S.) 278, have any application. The statute involved in that case was enacted in the interests of the public health, and the health of domestic animals imported into this state for breeding or dairy purposes, and prohibited the shipment of animals into the state unless previously examined by competent authority and found free from contagious diseases; a system of inspection was provided for and a certificate signed by a veterinarian certifying the freedom from such diseases was made a justification and protection of the railroad company in accepting and transporting the animals into the state. No such provisions are found in the statute under consideration, even if it be conceded that this particular statute was enacted in the interests of the public health. In the case referred to we held the requirement of inspection and the issuance of a certificate thereof not an unreasonable interference in commerce between the states, but only incidently so, and the statute was upheld. The two statutes are wholly different.

Judgment reversed.