J. VICTOR D'ALOIA, PLAINTIFF-RESPONDENT, v. CITY OF SUMMIT, DEFENDANT-APPELLANT.

Submitted February 15, 1916—Decided May 12, 1916.

Fines paid upon conviction for the violation of a city ordinance, subsequently set aside by the appellate court, cannot be recovered back when such fines were paid without protest, and two forms of appeal were available to the defendants, as alternatives to paying the fines or serving time in jail.

On appeal from the District Court.

Before Justices GARRISON, TRENCHARD and BLACK.

For the appellant, *Corra N. Williams.*

*Pro se, J. Victor D'Aloia.*

The opinion of the court was delivered by

BLACK, J.   The appeal in this case presents a single point for discussion and decision, viz., whether the payments of fines which were the subject of the suit in the trial court, were voluntary payments and made without duress of the person.

The action was brought by the plaintiff, as assignee, to recover fines from the city of Summit, imposed upon five defendants, by the police court of the city of Summit, for the violation of a city ordinance.   Subsequent to the imposition and payment of the fines, the conviction of the five defendants was, upon review, set aside by the Union County Court of Common Pleas.   This judgment of the Court of Common Pleas was affirmed by the Supreme Court.   *City of Summit* v. *Iarusso,* 87 *N. J. L.* 403.   At the time of the payment of the fines, the five defendants were under arrest upon complaint for the violation of a city ordinance, having been sentenced to pay a fine or serve time in jail.   At the time the fines .

were paid, the defendants made no protest against their payment.

The police court of the city of Summit was established under the act of the legislature, approved March 21st, 1899, page 96. Under section 78 of said act, the defendants had a right to appeal in the same manner as an appeal might be had from judgments in the court for the trial of small causes, under section 80 of the act of 1903, page 251.

The defendants also had a right to appeal to the Court of Common Pleas, under the act of 1908, page 442, which later act was the one under which the appeal was taken and the convictions set aside. The District Court held, that the fines were not voluntary payments, but were made under what is known in law as duress of the person, and gave judgment for the plaintiff in the sum of $313.50, being the amount of the fines. This, we think, was error. The judgment of the District Court should be reversed.

The legal idea of duress consists in forcing a person to act against his own will. It does not exist when the person upon whom it is charged it has been exercised has an option or choice as to whether he will do the thing or perform the act said to have been done under duress. The defendants had at least three courses open to them, in addition to the one which they pursued, viz., first, to pay the fines under protest; second, they might have taken an appeal and avoided the payment of fines, under the act of 1899, page 96, section 78, or *Pamph. L.* 1903, *p.* 276, § 80, above cited; or third, to apply to the Court of Common Pleas under the act of 1908, page 442. This was the action which they ultimately did take, but not until after they had paid the fines. The fines were paid July 9th, and the proceedings were not questioned until July 17th, 1914.

The rule seems to be quite clear, but in its correct application there is some confusion. There is no case in our reports directly in point.

In our courts, Mr. Justice Dixon, speaking for the Court of Errors and Appeals, said: "That where a party, without mistake of fact or fraud, duress or extortion, voluntarily pays

money on a demand which is not enforceable against him, he cannot recover it back." *City of Camden* v. *Green,* 54 *N. J. L.* 591, 593. In that case the principle was applied to a refusal to issue a license, without payment of more than the legal fee. *Held,* it was not duress. So the payment of a city assessment, under protest, cannot be recovered back. *Fuller* v. *City of Elizabeth,* 42 *Id.* 427. This case was based upon *Davenport* v. *City of Elizabeth,* 41 *Id.* 362.

So the payment of a license fee to a city board of health, accompanied by a written protest against the right of the board to exact it. *Shoemaker & Co.* v. *Board of Health,* 83 *N. J. L.* 425. Or a fine paid by a policeman for delinquency. *Mee* v. *Montclair,* 84 *Id.* 400, reversing 83 *Id.* 274. So also, money paid under legal process in a judicial proceeding. *Turner* v. *Barber,* 66 *Id.* 496.

In other jurisdictions it has been held that a fine illegally imposed, but voluntarily paid under mistake of law, cannot be recovered back. *Houlehan* v. *Inhabitants of Kennebec County,* 108 *Me.* 397 ; 19 *Cyc.* 558.

The case of *Bailey* v. *The Town of Paullina,* 69 *Iowa* 463, holds, that where a defendant is convicted on a town ordinance which is void and pays the fine without disputing its validity and without protest, he cannot recover the amount of the fine in an action against the town. This case is cited with approval in the case of *Harrington* v. *City of New York,* 81 *N. Y. Supp.* 667 ; 40 *Misc.* 165.

The same rule was followed in the case of *Houtz* v. *Board of Commissioners of Uinta County,* 11 *Wyo.* 152.

It therefore seems to be the rule deducible from the cases, that if the defendants had an alternative to making the payments, the payments must be regarded as having been voluntary and therefore not recoverable. They were made without protest, and two forms of appeal were available to the defendants as alternatives to paying the fines.

By the act of 1911, page 30, it was lawful for the city of Summit to return these fines. This, however, is not a judicial question.

The judgment of the District Court is reversed, with costs.