**The People of the State of Illinois, Defendant in Error, v. Alex Bandy, Plaintiff in Error.**

**Gen. No. 7,839.**

1.  CRIMINAL PROCEDURE—*sufficiency of information failing to aver facts negativing applicability of statutory exceptions.* An information under the Prohibition Act fails to state facts sufficient to

constitute a crime where the various offenses charged in it are merely described as being unlawful acts, and there are no averments of facts which sufficiently charge that those acts do not come within the exceptions and are therefore prohibited by the statute.

2. CRIMINAL PROCEDURE—*effect of plea of guilty to information insufficient to charge any offense.* The effect of a plea of guilty to a count of an information is only to admit whatever offenses were therein charged, and where the allegations of the count are insufficient to charge any offense, the plea does not cure the fatal defect in the information.

3. CRIMINAL PROCEDURE—*right to review of conviction following plea of guilty to information charging no offense, where fine imposed paid.* A writ of error will lie to review a conviction based upon a plea of guilty, upon an assignment that the judgment is erroneous because the information failed to charge any offense, although the defendant's fine under such conviction was paid, and on such review the judgment will be reversed.

4. PAYMENT—*involuntariness of payment of fine where avoidable by suing out writ of error and asking supersedeas.* Payment of a fine imposed on conviction of an offense cannot be deemed involuntary where at the time of making such payment the defendant could have avoided its payment by suing out a writ of error and asking for a supersedeas staying enforcement of the penalty.

5. CRIMINAL PROCEDURE—*right to restitution of fine paid upon conviction of offense, after reversal of judgment on writ of error.* Notwithstanding that a judgment of conviction will be reversed, on writ of error, where it appears that the conviction is based upon a plea of guilty to an information which failed to charge any offense, although the defendant's fine pursuant to such conviction has been paid by another, restitution of the fine will not be granted, the fact that the defendant pleaded guilty showing that he was guilty of violations of the statute under which the information was laid, and negativing the existence of reasons which should appeal to the conscience of the court.

Error by defendant to the County Court of Jersey county; the Hon. MARK BRADBURN, Judge, presiding. Heard in this court at the April term, 1925. Reversed. Opinion filed December 31, 1925.

O. H. RICHARDS and G. G. REARDON, for plaintiff in error.

RICHARD CLYDE CHAPPELL, State's Attorney, for defendant in error.

Mr. Justice Crow delivered the opinion of the court.

April 21, 1923, the State's Attorney of Jersey County filed an information in the county court charging Alex Bandy, plaintiff in error, and Sarah Bandy with violation of the Prohibition Act of the State of Illinois. The information contained nine counts. At the May term of the county court the charges were dismissed as to Sarah Bandy and all of the counts of the information except the first were dismissed as to plaintiff in error. To the first count of the information he entered a plea of guilty and was fined $500 and sentenced to serve a period of 60 days in the county jail. The jail sentence was remitted for the reason that the defendant "had served nearly two months in jail." The judgment as recorded further recites: "And now comes Bransom Dorsett and pays the fine and costs in full for Alex Bandy." Defendant has sued out a writ of error to reverse the judgment of conviction. He assigns as error that the information was defective and failed to state sufficient facts to constitute a crime under the laws of this State, and that he was therefore erroneously convicted of a crime even though he pleaded guilty to the information. He asks that the judgment be reversed and that the amount of the fine paid be restored to him.

The material part of the first count of the information charges that the plaintiff in error "did then and there unlawfully manufacture, sell, barter, transport, deliver, furnish and possess intoxicating liquor, while the said County of Jersey was then and there prohibition territory, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois."

It is urged that this count of the information is bad for duplicity since several distinct offenses are charged therein. Section 3 of the Illinois Prohibition Act [Cahill's St. ch. 43, ¶ 3] prohibits the manufacture, sale, barter, transportation, delivery, furnishing or posses-

sion of any intoxicating liquor except as authorized in the Act. Section 20 prohibits the possession of any liquor intended for use in violating the Act. Section 30 provides in part that in any information for the violation of the Act, separate offenses may be united in separate counts and that the defendant may be tried on all at one time and the penalty for all offenses be imposed. We do not decide whether for this assignment of error the judgment should be reversed under the circumstances now presented to us.

A more serious objection is urged against the information. The various offenses charged in it are merely described as being unlawful acts and there are no averments of facts which sufficiently charge that those acts do not come within the exceptions, and therefore are prohibited by the statute. Under the decisions the information was clearly bad in substance. It obviously fails to state sufficient facts to constitute a crime. *People v. Martin,* 314 Ill. 110; *People v. Barnes,* 314 Ill. 140; *People v. Wallace,* 316 Ill. 120; *People v. Elias,* 316 Ill. 376; *People v. Peiscz,* 226 Ill. App. 363.

Although the defendant pleaded guilty to the first count of the information, the effect of the plea was only to admit whatever offenses were charged therein and since the allegations were insufficient to charge any offense, the plea would not cure the fatal defect in the information. The necessary averments go to the jurisdiction of the subject matter. *People v. Wallace,* 316 Ill. 120; *People v. Brown,* 312 Ill. 63; *Klawanski v. People,* 218 Ill. 481. For this reason judgment of the county court of Jersey county was clearly erroneous.

Upon the judgment of conviction the court imposed a sentence of both fine and imprisonment but the sentence of imprisonment was remitted. After this was done the fine was paid by another for the plaintiff in error. He has not sued out the writ of error until

nearly two years after the judgment and payment of the fine. It has been held by the courts of other states that where the fine has been paid and the defendant discharged, the right to review, either by means of appeal or by writ of error, has been lost and that a writ of error or appeal will be dismissed. *Kitchens v. State,* 4 Ga. App. 440, 61 S. E. 736; *State v. Wells,* 127 Minn. 252, 149 N. W. 286; *State v. Pray,* 30 Nev. 206, 94 Pac. 218; *Eutsler v. Commonwealth,* 154 Ky. 35, 156 S. W. 855; *Washington v. Clemend,* 49 Ore. 12, 88 Pac. 305. The basis of these decisions, however, seems to be that where the fine was paid, a judgment of reversal could accomplish no substantial benefit. But the case at bar where the judgment is erroneous because no crime was charged in the information presents a different question. We think, therefore, that plaintiff in error has the right to have the case reviewed upon writ of error and to have the erroneous judgment of conviction reversed even though he has paid the fine imposed by the county court and this conclusion is supported by the cases of *Johnson v. State,* 172 Ala. 424, 55 So. 226; *State v. Chicago Great Western R. Co.,* 125 Minn. 332, 147 N. W. 109, and *People v. Marks,* 64 Misc. 679, 120 N. Y. Supp. 1106.

Plaintiff in error in addition to prayer for reversal asks that this court enter a judgment restoring to him the amount of the fine which has been paid under the erroneous conviction. The question presented by this prayer is an interesting one and seems to be one of first impression in this State so far as the research of counsel has shown. The right to recover back a fine or penalty paid in a criminal proceeding is treated in an extensive note in 26 A. L. R. 1523, in which a large number of cases from various jurisdictions is collected. The test by which the right of recovery is determined seems to be whether the payment can be said to have been a voluntary or an involuntary one. Of course, in one sense the payment of a fine is always involuntary

since it would not be made if a criminal prosecution was neither instituted nor threatened. But where a fine has been paid under the advice of counsel in order to settle the case or to avoid penalties for other offenses or the trouble and expense of an appeal, the payment is said to be a voluntary one. *Ferguson v. Butler County*, 297 Mo. 20, 247 S. W. 795; *Houlehan v. Kennebec County*, 108 Me. 397, 81 Atl. 449. And it seems to be quite generally held, where the question has arisen, that where, at the time of the payment of a fine which has been imposed upon him, the accused has the right to an appeal and pays the fine before appealing, the payment will be deemed a voluntary one and the fine cannot be recovered back even though the conviction is set aside. *D'Aloia v. City of Summit*, 89 N. J. L. 154, 97 Atl. 722; *Harrington v. City of New York*, 40 Misc. 165, 81 N. Y. Supp. 667; *McKee v. Anderson*, Rice (S. C.) 24; *State v. Pray, supra.* There ought to be no distinction between the effect of an appeal and a writ of error, both seeking the same end.

It is clear that at the time plaintiff in error paid the fine in the case at bar he could have avoided its payment, or imprisonment for his failure to pay, pending the review of his conviction, by suing out a writ of error and asking for a supersedeas from this court staying the enforcement of the penalty. Instead of doing so he chose to pay the fine and made no effort to secure a review of his conviction or a recovery of the sum paid for a period of a year and a half. It need not be said that if a friend would pay the fine of $500 and costs, he would not in all probability have hesitated to become surety on a supersedeas bond.

It has been held by some courts that in a proper case, when the judgment imposing a fine which has been paid is vacated or reversed on appeal, the reviewing court may order the restitution of the amount paid. *New Jersey Society v. Knoll*, 77 N. J. L. 138, 71 Atl. 116; 25 C. J. 1165. But the defendant who has paid the fine

has no strict legal right upon the reversal of the judgment to an order of restitution even in jurisdictions allowing it, and whether the latter shall be granted is a matter resting in the sound discretion of the Appellate Court. *Commonwealth v. Gipner,* 118 Pa. St. 379, 12 Atl. 306; *Hazleton v. Birdie,* 10 Kulp (Pa.) 98; 25 C. J. 1165; 2 R. C. L. 212. And an order of restitution may be denied when in equity and in good conscience plaintiff in error is not entitled to recovery. 2 R. C. L. 293, and cases cited. In their brief and particularly in their reply brief, counsel for plaintiff in error have insisted upon his right to recover the amount of the fine which he has paid on the ground that in equity and in good conscience he is entitled thereto. We know of no equity in a criminal statute. We are of the opinion that under the facts in this case the contention ought to be resolved against him on that ground. His right thereto is strictly a matter of law. Counsel admit in their briefs that upon plaintiff in error entering his plea of guilty to the first count of the information the other counts were dismissed, and that the charges in all counts were dismissed as to his wife. Furthermore, the fact that he pleaded to the charges contained in the information, even though they are not sufficient to charge a crime, shows that he was guilty of violations of the Prohibition Act. There is nothing of equity or good conscience in that appealing to this court. Instead of standing on his rights when arraigned, and if a motion to quash the charge were denied, obtain a supersedeas pending review of his conviction upon a writ of error, his fine was paid by Bransom Dorsett, who is not before this court complaining, nor a party to this record. We think the plaintiff in error is not entitled in this proceeding to restitution. The judgment of conviction must be reversed.

*Judgment reversed.*