(No. 1808—

WM. WRIGLEY, JR., COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 6, 1933.*

TROWBRIDGE, LOWRIE, O'DONNELL & JOHNSTON, for claimant.

OSCAR E. CARLSTROM, Attorney General and CARL DIETZ, Assistant Attorney General, for the State.

Mr. Justice Thomas delivered the opinion of the court:

This action is for the refund of $40,064.40 franchise taxes paid by claimant to the Secretary of State on July 23, 1926. It is alleged the taxes were assessed and collected by the Secretary of State under the provisions of Sections 101 and 105 of the General Corporation Act and that said sections were afterward held unconstitutional by the Supreme Court of Illinois at its June term, 1927. It is further alleged the taxes were paid under protest and that claimant "was induced to make said payment in said year by means of duress and through fear that the State of Illinois would enforce the statute and impose the penalties provided in the statute applying to corporations which fail to pay their franchise taxes." The State has demurred to the declaration.

It is well settled in this State that a tax voluntarily paid cannot be recovered back in the absence of a statute providing for such a recovery. It is also well settled that the fact that the statute under which the tax was levied and collected was unconstitutional will not authorize an action for its recovery by the party paying it. (*Oppenheimer & Co.* vs. *State,* 6 Ct. Cl. 465; *Board of Education* vs. *Toennigs,* 297 Ill. 469.) The fact that the Secretary of State had no legal right to demand the tax and claimant was under no legal obligation to pay it is of no consequence unless the payment was compulsory in the sense of depriving claimant of its free will. (*Ill. Glass Co.* vs. *Chicago Tel. Co.,* 234 Ill. 535; *School of Domestic Arts* vs. *Harding,* 331 Ill. 330; *Western Electric Co.* vs. *State,* 6 Ct. Cl. 414.) And the payment will not be deemed compulsory where it is made to avoid penalties. (*21 R. C. L.* p. 151, sec. 176; *The People* vs. *Brand,* 239 Ill. App. 273; *Oppen-*

*heimer & Co.* vs. *State, supra.*) As there is no statute in Illinois providing for the refunding of illegal taxes claimant is barred of the right to their recovery.

There is another reason why claimant cannot recover. Section 2a of the Act in relation to the payment of the public money of the State into the State treasury provides that every officer shall hold all money paid to him under protest for thirty days before depositing it with the State Treasurer and if the party making such payment shall within such period file a bill in chancery and secure a temporary injunction restraining the making of such deposit such payment shall be held until the final order or decree of the court. This statute gave claimant an opportunity to have the courts of the State decide whether or not the tax demanded was valid. There is no allegation in the declaration that claimant followed the provisions of this law. It is manifest it did not do so. As claimant had an opportunity to have the validity of the tax determined by a court of general jurisdiction and failed to avail itself of that privilege the tax will be deemed to have been voluntarily paid. (*Oppenheimer & Co.* vs. *State, supra; Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122.)

As the declaration does not state such facts as entitles it to a refund of the taxes the demurrer is sustained and the case dismissed.